UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach DIVISION
www.flsb.uscourts.gov

In re:  Angela M. Justice                               Case No: 10-48099
                                                        Chapter 13


_____Debtor_____/


**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY**

**IMPORTANT NOTICE TO CREDITORS:
THIS IS A MOTION TO VALUE YOUR COLLATERAL**

This Motion seeks to value collateral described below securing the claim of the creditor listed below.

If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]

        1.      Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, Local Rule 3015-3, the debtor seeks to value real property securing the claim of Villa Garden Condominium Association (the "Lien Holder").  The Lien Holder holds a lien recorded at OR Book 23925 Page 1359 in the official records of Palm Beach County, Florida.

        2.      The real property is located at 419 US Hwy 1, Apt. E202, North Palm Beach, FL 33408 ,
and is more particularly described as follows:

Condominium Parcel No. 202, Village Garden Condominium Apartments No. E, a condominium according to the Declaration of Condominium thereof, of the Public Records of Palm Beach County, Florida, and all amendments thereto; together with an undivided interest in the Common Elements appurt3enant thereto, as established by said Declaration.

3.     At the time of the filing of this case, the value of the real property is $44,500.00 as determined by the Palm Beach County Property Appraiser_____.

4.     _____Wells Fargo Home Mortgage a/k/a Wells Fargo National Bank NA_____ hold liens on the real property, senior to priority to Lien Holder, securing claims in the aggregate amount of $ 102,576.00 .

5.     *(Select only one):*

    __x__ Lien Holder's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lien Holder, the value of Lien Holder's secured interest in the real property is $0.

    ___ Lien Holder's collateral is not solely the debtor's principal residence. After payment in full of the claims secured by liens senior to that of Lien Holder, there is equity of $ _____ remaining in the real property. Accordingly, the value of Lien Holder's secured interest in the real property is $ and the value of the Lien Holder's unsecured, deficiency claim is $ .

6.     The undersigned reviewed the docket and claims register and states (select only one):

    __x__ Lien Holder has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lien Holder unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

or

    _____ Lien Holder has filed a proof of claim in this case. It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7.     The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the

value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lien Holder's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lien Holder's secured interest in the real property is determined to be $0, deeming Lien Holder's lien on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1.    In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at or before the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2.    The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

Submitted By:

*/s/ Aileen Gelpi/*

Aileen Gelpi, Esq.
Fla. Bar No.: 61665
Gelpi & Spire-Oh, P.A.
4440 PGA Blvd., Suite 600
Palm Beach Gardens, FL 33410
(561) 624-1345
aileen@gsolawfirm.com